■ In the Matter of HARRY E. FRANKEL et al., Appellants, v. HORTENSE GABEL, as City Rent and Rehabilitation Administrator, et al., Respondents.— Order, entered on September 25, 1963, denying petitioners' application to review respondents' determination as to petitioners' salary rates vacated on the law and the facts, and matter remanded to Special Term for further proceedings, without costs to any party. Petitioners were civil service employees of the New York State Temporary Rent Commission. On May 1, 1962, the functions of that commission as regards the City of New York were transferred to the New York City Rent and Rehabilitation Administration. Employees of the State bureau were transferred to the city service. The statute pursuant to which the transfer was made (Local Emergency Housing Rent Control Act, § 1, subd. 14; L. 1962, ch. 21) provides, in part: "Officers and employees transferred to the city housing rent agency pursuant to this subdivision shall

be entitled to full seniority credit for all purposes, including the determination of their city salaries and increments, for service in the state government rendered prior to such transfer, as though such service had been service in the city government." The meaning of this section is that the city shall fix the base salary for the position held by the transferred employee and shall pay him that salary plus whatever increments he would be entitled to by virtue of the city's wage laws if his service in the State office had been in city employ. To give a concrete example, an employee of five years' service in the State department would receive whatever salary the city fixed for the position plus whatever increment a city employee would receive for five years' service in that position at that salary. We do not understand that the parties suggest any other procedure, and Special Term so found. Special Term dismissed the petition on the ground that petitioners' salaries were, in fact, fixed and paid on that formula. We find the record inadequate and confusing. The difficulty is increased by the city's iteration that some of these employees will receive what they are claiming next year. This is hardly an argument if they are entitled to it this year. The matter is capable of simple and exact resolution on proof of the record facts involved. It is remanded for the taking of that proof. Concur — Botein, P. J., Valente, McNally, Stevens and Steuer, JJ.